# Exhibit 4

U.S. Department of Justice  
United States Parole Commission  
90 K Street, N.E., 3rd Floor  
Washington, D.C. 20530

**Notice of Action**

---

Name: **FRIEDLANDER, JOHN**  
Reg. No: **05167-085**  
DCDC No:

Institution: Lompoc USP

Date: **August 18, 2022**

---

In the case of the above-named, the following action was ordered:

Affirm the previous decision.

**Reasons:**

In your appeal, you claim that: (1) the Commission relied on erroneous information and the actual facts justify a different decision; (2) the Commission made a procedural error and a different decision would have resulted if the correct procedural had been followed; (3) the Commission applied a regulation or statute incorrectly; and (4) there are especially mitigating circumstances in your case which justify a different decision. For the following reasons, the National Appeals Board denies your appeal.

As a preliminary matter, you completed 30 years of your life sentence on February 12, 2017. Therefore, the Commission has heard you for parole exclusively pursuant to 28 C.F.R. § 2.53 and 18 U.S.C. § 4206(d) since you parole hearing on June 7, 2016. Going forward, the Commission will continue to exclusively consider you for parole pursuant to 28 C.F.R. § 2.53 and 18 U.S.C. § 4206(d). 18 U.S.C. § 4206(d) states "[a]ny prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." Thus, the purpose of your most recent hearing was to determine whether you were suitable for release pursuant to the standard of 18 U.S.C. § 4206(d).

In your first ground on appeal, you claim that there are especially mitigating circumstances in your case which justify a different decision. The National Appeals Board notes that the Commission is presumed to have considered the entirety of your file including all matters in mitigation as well as in aggravation. Based on a review of your file and the materials presented on appeal, the National Appeals Board does not find the Commission's decision to be in error. The National Appeals Board notes that pertinent determination in your latest hearing is whether you have "seriously or frequently violated institution rules and regulations or that there is a reasonable probability that [you] will commit any Federal, State, or local crime." 18 U.S.C. § 4206(d). The majority of your submissions in mitigation have nothing to do with the factors the Commission is mandated to consider in its decision under 18 U.S.C. § 4206(d). Furthermore, your disciplinary record while in the Bureau of Prisons includes 20 Disciplinary Hearing Officer level infractions. The National Appeals Board does not find that the Commission erred in applying your 20 DHO level infractions to the standards of 28 C.F.R. § 2.53 and 18 U.S.C. § 4206(d). In fact, the National Appeals Board finds the aggravating factors in your case outweigh any in mitigation.

---

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>90 K Street, N.E., 3rd Floor<br>Washington, D.C. 20530 | **Notice of Action** |

Therefore, the National Appeals Board denies your first ground on appeal.

In your second ground on appeal, you claim that the Commission failed to consider your submissions prior to your hearing in accordance with 28 C.F.R. § 2.19. You claim that these submissions would have shown that your "institutional infractions are not serious or frequent and that [you] do not pose a reasonable probability of committing another crime if released." The National Appeals Board has reviewed your arguments in this ground and fails to see the relevance of every argument with the exception that you are "actually innocent" of your 2020 DHO finding. Again, the Commission "shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." 18 U.S.C. § 4206(d). Even if the Commission had excluded your 2020 DHO hearing, which it did not have to do because the Commission may use a DHO's finding as conclusive evidence of a violation of institutional rules, you would still have 19 DHO level infractions during the course of your incarceration. The National Appeals Board does not find error in the Commission's determination that 20 or even 19 DHO meet the "frequently" standard of 18 U.S.C. § 4206(d). Furthermore, the Commission has determined several of these infractions are "serious" because there were classified as 100 or 200 level by BOP. Again, the National Appeals Board does not find error in the Commission's finding that you have "seriously" violated the rules of your institutions. Because you have failed to make a showing of how any alleged error to follow correct procedure has prejudiced you in any way, the National Appeals Board must deny your second ground on appeal.

In your third ground on appeal, you claim that the Commission applied a statute or regulation incorrectly. Specifically, you claim that the Commission erred in "finding that the mandatory parole presumption had been rebutted." In the Notice of Action dated June 29, 2022, the Commission denied you parole in accordance with 18 U.S.C. § 4206(d) for the following reasons:

The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed three months prior to your last hearing, and involved you being found in possession of an Opioid Narcotic drug. The Commission continues to find this evidence of frequent and serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time.

The National Appeals Board has reviewed the Commissions reasons and finds that they are supported by the evidence in your parole file. Further, the National Appeals Board finds that the Commission correctly applied the statute and regulation applicable to your hearing. Thus, the National Appeals Board finds your third ground on appeal meritless and denies it.

In your fourth ground on appeal, you argue that the Commission relied on erroneous information and the actual facts justify a different decision. However, you fail to point out which facts the Commission relied on were erroneous. The National Appeals Board notes that you have been found to have committed 20 DHO level infractions by the Bureau of Prisons. This alone justifies the Commission's

| | |
|---|---|
| U.S. Department of Justice <br> United States Parole Commission <br> 90 K Street, N.E., 3rd Floor <br> Washington, D.C. 20530 | **Notice of Action** |

decision. Therefore, your fourth ground on appeal is denied.

In your fifth and sixth grounds on appeal, you claim that the Commission made an error in applying the guidelines and that the Commission's decision outside of the guidelines was not supported by the reasons or facts as stated in the Notice of Action. As stated previously, since you have served 30 years of your life sentence, the Commission only considers you for parole pursuant to the standards of 18 U.S.C. § 4206(d). Therefore, the guidelines have no relevance to the Commission's decision to release you and they are no longer calculated. As such, the National Appeals board denies your fifth and sixth grounds on appeal.

**THE ABOVE DECISION IS NOT APPEALABLE.**.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:

Papa Team
Designation & Sentence Computation Ctr
U.S. Armed Forces Reserve Complex
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

John B. McEntire
Federal Defenders of E. Washington & Idaho
Spokane
10 N. Post Street
Suite 700
Spokane, WA 99201
Eastern District of Washington

JEG