# Exhibit 5

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

| | |
|---|---|
| **Offender Name**......................................: | FRIEDLANDER, JOHN |
| **Register Number**..................................: | 05167-085 |
| **Institution**...........................................: | Lompoc USP |
| **Type of Hearing**..................................: | Two-Thirds Parole Hearing/Statutory Interim Hearing following denial of two-thirds parole |
| **Hearing Format**...................................: | In-Person |
| **Date of Pre-hearing Assessment**...........: | May 09, 2022 |
| **Name of Pre-hearing Examiner**............: | Kubic, Scott |
| **Offense(s) of Conviction**......................: | Second Degree Murder and Assault With Intent to Commit Murder. |
| **Length of Sentence(s)**...........................: | Life with an additional 20 years, concurrent. |
| **Full Term Date**...................................: | Life |
| **Mandatory Release Date**.....................: | |
| **Two-Thirds Date (if applicable)**...........: | February 12, 2017 |
| **Months-in-custody**..............................: | 423 months as of 5/12/2022 |
| **Fines/Restitution/Court Assessment**....: | $100 Felony Assessment; expired. |
| **Detainer**..............................................: | none |

**Additional Text re: Sentence Information:** As of the time of the last Statutory Interim Hearing following denial of two-thirds parole conducted in April, 2020, the case was still designated as Original Jurisdiction. However, pursuant to the rule change on 10/21/2021, this examiner prepared a miscellaneous recommendation to the Commissioner to declassify this case as Original Jurisdiction.

**Prior Action:** Portions of the following were taken from a prehearing assessment dated 4/20/2020 by Examiner Kubic, and updated.

On 3/11/1988, the subject appeared the U.S. District Court for the Eastern District of Washington and was convicted of Second Degree Murder and Assault With Intent to Commit Murder. He was sentenced to LIFE in prison with an additional sentence of 20 years, to run concurrent.

The details of the offense indicate that on 2/14/1987, the 16-year-old subject, shot and murdered his adoptive mother, Gloria White, and shot and attempted to murder his adoptive father, Clarence White. A subsequent investigation revealed that on 2/13/1987, while driving a stolen car and upon realizing the vehicle was about to run out of gas, the subject and codefendants Guy Herman, Wendy Herman and John Tsoodle went to the home of the subject's adoptive parents. The subject and Guy Herman got out while the others remained in the vehicle. The two entered the White residence through a glass slider door and once inside, they went to the bedroom of Clarence White who was asleep. There they took a .22 caliber pistol from the bedroom and two kitchen knives. They left the residence, got back in the stolen car and drove to a party.

All four of the above named individuals returned to the White residence in the early morning

## NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

hours of 2/14/1987. Prior to returning, however, the subject and Guy Herman had discussed returning to the residence to take money and to kill the Whites. Guy Herman carried the loaded .22 into the residence but the subject then took the gun from him once Herman admitted he could not shoot anyone. The two then went to Clarence White's bedroom and the subject shot Clarence White in the face while he lay sleeping on his back. Both the subject and Guy Herman then went to the other end of the house to Gloria White's room and the subject shot her in the face. They took her purse from her bedroom to the kitchen and from the purse they took her keys to a Chevrolet vehicle and $60 to $70.

They then went back to Clarence White's room and discovered he was still alive, at which time the subject fired one, possibly two rounds into Clarence White, hitting him in the abdomen area. The two then went through the room and Guy Herman took a .357 Magnum pistol. The phone rang causing the two to leave the residence. The subject drove off in the vehicle where Wendy Herman and John Tsoodle had been waiting for him. Guy Herman attempted to take the White's pickup but could not get it started, so he ended up running from the residence.

Initial Hearing
On 11/5/1996, the Commission conducted an Initial Hearing. The offense severity was Category Eight because it involved murder. The aggregate guideline range was 128+ months. The decision more than 48 months above the minimum guideline range was warranted because the subject was involved in the murder or attempted murder of two individual who were in the house asleep at the time of the shooting. In a Notice of Action dated 11/26/1996, the Commission ordered a 15-Year Reconsideration Hearing.

Interim Hearings
On 10/16/2000, the Commission conducted a Combine Statutory Interim Hearing (SIH)/Rescission hearing. In a Notice of Action dated 11/6/2000, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration Hearing in November 2011. The Commission conducted subsequent SIHs On 8/13/2002, 7/21/2004, 6/8/2006, 5/6/2008, and 6/23/2010. In Notices of Action following each of these hearings, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration in November 2011.

15-Year Reconsideration Hearing
On 1/31/2012, a 15-Year Reconsideration hearing was held. In a Notice of Action dated 2/24/2012, the Commission ordered to continue to expiration. The offense severity continued to be Category Eight and the aggregate guideline range was 222+ months.

Statutory Interim Hearing:
On 6/11/2014, the Commission conducted an additional SIH. In a Notice of Action dated 7/7/2014, the Commission ordered no change in previous decision to continue to expiration. The subject was scheduled for a SIH in June 2016.

Mandatory Parole Hearing
On 6/7/2016, the Commission conducted a Mandatory Parole Hearing. In a Notice of Action dated 8/23/2016, the Commission ordered to deny mandatory parole and continue to expiration. The reasons given were as follows:

# NON-REVOCATION
## ` Pre-Hearing Assessment and Hearing Summary

"You have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately two years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison."

First Statutory Interim Hearing following denial of two-thirds parole:
The Commission conducted a Statutory Interim Hearing following denial of 2/3 parole on 5/21/2018 and, by Notice of Action dated 6/11/2018, ordered no change in the previous decision to deny 2/3 parole and continue to expiration. The Commission found the previous reasons to deny 2/3 parole were still appropriate in that the subject had frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions, primarily for 100 and 200 level misconduct. It was noted the most recent infraction (at the time of the of Statutory Interim Hearing following denial of 2/3 parole) had occurred four years earlier and involved consuming alcohol and being intoxicated. The Commission found it still demonstrated a lack of maturity and still highlighted his inability to follow the rules of the institution.

Second Statutory Interim Hearing following denial of two-thirds parole:
The Commission conducted a second Statutory Interim Hearing following denial of two-thirds parole on 4/22/2020. By Notice of Action dated 5/20/2020, the Commission ordered no change in the previous decision to deny two-thirds parole and continue to expiration.

Reasons: "The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed since your last hearing and within three months of this hearing, and involved you being found in possession of an Opioid
Narcotic drug. The Commission continues to find this evidence of frequent, serious, and now recent
serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time."

Third Statutory Interim Hearing following denial of two-thirds parole (current action):
The subject completed a parole application on 4/12/2022 wherein he indicated an Attorney, John B. McEntire, IV with Federal Defenders of Eastern Washington and Idaho, will act as his representative. He did not indicate on the form if he wanted any pre-hearing disclosure.

**Co-defendants:** The following information is the last known information regarding the subject's codefendants:

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

1. Guy Herman: Convicted as a juvenile through the Stevens County, WA juvenile justice system for First Degree Murder, First Degree Assault by Compliance and Burglary. He was sentenced to 291 - 364 weeks (approximately 7 years) which would have taken him to the age of majority when released. He served his sentence at the Echo Glen Juvenile Facility in Snoqualmie, WA.

2. Wendy Herman: Charged with Taking a Motor Vehicle and processed through the Okanogan Juvenile Authorities. She was sentenced to 18 months to be served at Echo Glen Juvenile Facility.

3. John Tsoodle: No sentencing information available.

**Victim Information:** There are victims registered for notification and the case has been referred to the Victim/Witness specialist.

Also, there is a letter from a concerned citizen on side three of the file opposing the subject's release which was received in advance of the Initial Hearing in 1996. More importantly, there is a letter from the victims' biological daughter dated 10/24/1996, wherein she expresses her opposition to parole and indicates her fear for herself and family if the subject is released. Her letter also provides some insight into the devastation the shooting has caused her father, Clarence White. There is also several other letters in opposition to parole (most recent dated 4/18/2016) and several signed petitions with signatures of numerous persons opposed to parole.

A memo in the file from Victim Witness Coordinator Amanda Pyron dated 2/14/2012 indicates she attempted to contact victim Dawn Fleet but the telephone number in the file was not in service and a search to obtain new information provided no results.

Letters were sent to victims Dawn Pullin (formerly Fleet) and Patricia Peone in April 2016. The Commission did receive a letter dated 4/18/2016 from Patricia Peoone (who's husband was a friend of Mr. and Mrs. White). She describes the subject a troubled child who never seemed able to accept responsibility for his actions. She described the scene of the crime as so horrific that the EMT riding with the ambulance driver quit her job. She also describes the devastating impact of the crime on the family.

The Commission sent another letter to Dawn Pullin, but there is no indication a response was ever received.

In a telephone slip dated 5/9/2022, it is noted an attempt to contact victim Dawn Pullin was made, but contact attempts were unsuccessful. Furthermore, neither the Bureau of Prisons Case manager or Unit Manager had any new contact information for Ms. Pullin.

The 5/9/2022 telephone slip does indicate that contact was made with victim Patricia K. Peone, but she indicated she does not want to participate in the hearing but would like to be notified of the outcome.

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

"You have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately two years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison."

First Statutory Interim Hearing following denial of two-thirds parole:
The Commission conducted a Statutory Interim Hearing following denial of 2/3 parole on 5/21/2018 and, by Notice of Action dated 6/11/2018, ordered no change in the previous decision to deny 2/3 parole and continue to expiration. The Commission found the previous reasons to deny 2/3 parole were still appropriate in that the subject had frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions, primarily for 100 and 200 level misconduct. It was noted the most recent infraction (at the time of the of Statutory Interim Hearing following denial of 2/3 parole) had occurred four years earlier and involved consuming alcohol and being intoxicated. The Commission found it still demonstrated a lack of maturity and still highlighted his inability to follow the rules of the institution.

Second Statutory Interim Hearing following denial of two-thirds parole:
The Commission conducted a second Statutory Interim Hearing following denial of two-thirds parole on 4/22/2020. By Notice of Action dated 5/20/2020, the Commission ordered no change in the previous decision to deny two-thirds parole and continue to expiration.

Reasons: "The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed since your last hearing and within three months of this hearing, and involved you being found in possession of an Opioid
Narcotic drug. The Commission continues to find this evidence of frequent, serious, and now recent
serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time."

Third Statutory Interim Hearing following denial of two-thirds parole (current action):
The subject completed a parole application on 4/12/2022 wherein he indicated an Attorney, John B. McEntire, IV with Federal Defenders of Eastern Washington and Idaho, will act as his representative. He did not indicate on the form if he wanted any pre-hearing disclosure.

**Co-defendants:** The following information is the last known information regarding the subject's codefendants:

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

1. Guy Herman: Convicted as a juvenile through the Stevens County, WA juvenile justice system for First Degree Murder, First Degree Assault by Compliance and Burglary. He was sentenced to 291 - 364 weeks (approximately 7 years) which would have taken him to the age of majority when released. He served his sentence at the Echo Glen Juvenile Facility in Snoqualmie, WA.

2. Wendy Herman: Charged with Taking a Motor Vehicle and processed through the Okanogan Juvenile Authorities. She was sentenced to 18 months to be served at Echo Glen Juvenile Facility.

3. John Tsoodle: No sentencing information available.

**Victim Information:** There are victims registered for notification and the case has been referred to the Victim/Witness specialist.

Also, there is a letter from a concerned citizen on side three of the file opposing the subject's release which was received in advance of the Initial Hearing in 1996. More importantly, there is a letter from the victims' biological daughter dated 10/24/1996, wherein she expresses her opposition to parole and indicates her fear for herself and family if the subject is released. Her letter also provides some insight into the devastation the shooting has caused her father, Clarence White. There is also several other letters in opposition to parole (most recent dated 4/18/2016) and several signed petitions with signatures of numerous persons opposed to parole.

A memo in the file from Victim Witness Coordinator Amanda Pyron dated 2/14/2012 indicates she attempted to contact victim Dawn Fleet but the telephone number in the file was not in service and a search to obtain new information provided no results.

Letters were sent to victims Dawn Pullin (formerly Fleet) and Patricia Peone in April 2016. The Commission did receive a letter dated 4/18/2016 from Patricia Peoone (who's husband was a friend of Mr. and Mrs. White). She describes the subject a troubled child who never seemed able to accept responsibility for his actions. She described the scene of the crime as so horrific that the EMT riding with the ambulance driver quit her job. She also describes the devastating impact of the crime on the family.

The Commission sent another letter to Dawn Pullin, but there is no indication a response was ever received.

In a telephone slip dated 5/9/2022, it is noted an attempt to contact victim Dawn Pullin was made, but contact attempts were unsuccessful. Furthermore, neither the Bureau of Prisons Case manager or Unit Manager had any new contact information for Ms. Pullin.

The 5/9/2022 telephone slip does indicate that contact was made with victim Patricia K. Peone, but she indicated she does not want to participate in the hearing but would like to be notified of the outcome.

## NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

**Guidelines:**
**Summary of the prisoner's institutional misconduct during this period of incarceration (include a list of all incident reports that have occurred during the current period of confinement that resulted in findings of guilt by a Disciplinary Hearing Officer and/or any new criminal conduct that has occured. If SIH following denial of two-thirds parole, list only infractions since last hearing but summarize prior misconduct):**

**Options of the Commission at this hearing:**

(1) This is prisoner's first two-thirds hearing:

If the Commission finds that the prisoner should be released pursuant to 18 U.S.C. 4206(d), it shall order release at the two-thirds date or, if the two-thirds date has already passed, grant parole effective on a specific date as soon as is practicable.

If the Commission finds that the prisoner should be denied release under 18 U.S.C. 4206(d), it shall order to deny two-thirds parole and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

(2) This is a statutory interim hearing following denial of two-thirds parole:

If the Commission finds that there should be no change in previous decision to deny two-thirds parole, it shall order no change in the previous decision to deny parole pursuant to 18 U.S.C. Â§4206(d) and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

If the Commission finds that the previous reasons to deny two-thirds release no longer apply, it shall reopen and advance the previous decision to continue to expiration and order parole effective within 9 months of the hearing date. The parole is granted per 18 U.S.C. Â§4206(d).

**Summary of Prisoner's Program Achievement:** Since the last hearing on 4/22/2020, the subject has completed about 32 hours of educational programs, including Tournament Management, Anatomy Phases 1 through 6, and he is currently enrolled in a Bead Work class.

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

The subject is assigned work as Recreation AM Crew where he receives satisfactory work reports. He is listed as no medical restrictions and as regular duty. His Case Manager indicates the subject has a positive attitude and good rapport with staff and inmates alike. He mentors others in general population and he strives to be a model prisoner.

The subject recovered from COVID-19 on 1/19/2021.

The subject maintained clear conduct since the last hearing, with his last infraction being a 113 Possession of Drugs (Opiates) on 2/26/2020.

**Release Plans:** The progress report states the subject will reside in Spokane, WA upon his release but indicates no specific address. The Case Manager indicates that halfway house placement will be recommended to assist with the subject's release.

**Other Risk Relevant Factors to Consider:**

**Pre-Hearing Examiner's Evaluation:** The subject is 51 and he has been in custody 423 months as of 5/12/2022. The current decision in this case is to deny two-thirds parole and continue to expiration. The two-thirds date passed in this case back in February 2017. This is the third Statutory Interim Hearing following denial of two-thirds parole and the purpose of this hearing will be to consider if there have been any significant changes or developments in this case since the last hearing which merit a different decision, while still applying the two criteria under 18 USC, 4206(d).

To the subject's credit, he has maintained clear conduct since his last hearing but the Commission has three times previously denied two-thirds parole on the basis of the subject's frequent and serious violations of the rules of the institution.

The Commission initially denied two-thirds parole in 2016 based on frequent and serious violations of the rules of the institution, including 19 DHO level infractions mainly for 100 and 200 level misconduct. The Commission noted, specifically, the last infraction had occurred 2 years earlier (July 2014) and involved use of intoxicants, which was found to demonstrate the subject lacked maturity, an inability to follow institutional rules, and was found to create a probability he would not obey the law if released.

At the first Statutory Interim Hearing following denial of two-thirds parole in 2018 the Commission continued to find the same reasons were still applicable (i.e., serious and frequent violations of the rules of the institution (19 DHO level infractions with the most recent for using intoxicants now 4 years earlier)).

Within 2 month of the date of the last Statutory Interim Hearing following denial of two-thirds parole conducted in April 2020, the subject was found in possession of narcotics (Buprenorphine, an opioid used to treat opioid use disorder). This brought the total of DHO level infractions up to 20 and was ultimately found to support a conclusion there remained a

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

reasonable probability the subject would commit a Federal, State, or local crime if released on the basis of his recent, frequent, and serious violations of the rules of the institution.

So, while it good the subject has maintained clear conduct since February 2020, there is no denying the subject has both frequently and seriously violated the rules of the institution. This may again be used as a basis to order no change in the previous decision to deny two-thirds parole, but the Commission will have to consider if there are any new significant changes or developments that may
now merit a different conclusion.

## HEARING SUMMARY

**Date of Hearing** ..........................................: June 08, 2022

**Name of Hearing Examiner** .....................: Whitmer, Christopher

**Location of Hearing** .................................: Lompoc USP, 3901 Klein Blvd. Lompoc, CA 93436

**Hearing Format** ........................................: In-Person

**Hearing Type** .............................................: Two-Thirds Parole Hearing/Statutory Interim Hearing following denial of two-thirds parole

**Modification(s) to sentence information from pre-hearing assessment:**
None

**Victim information considered:**
The Examiner did not receive any additional information from victim(s) or victim representative(s) prior to or during the hearing.

**Representative:** The prisoner was represented by John McIntyre, Federal Public Defender's Service, Eastern District of Washington.

**Summary of Representative's Statement:** At the outset of the hearing, Mr. McIntyre asked if I had reviewed the prehearing submission he had sent to the Parole Commission prior to the hearing. I informed him I had no information related to his submission. I asked Mr. McIntyre if he could summarize what he submitted. He also gave me an abbreviated outline of the submission. Note: there is no submission downloaded in Entellitrack; however, while deliberating, this Examiner read the entire 3-page submission summary provided by Mr. McIntyre.

Mr. McIntyre stated the offender had a very tragic upbringing. He said the offender was in a car accident at the age of 3. According to the submission, the offender learned is mother was drunk during the time she was driving and intended to take her own life, along with her children's lives. He said the offender and the offender's sister were then thrown into foster care, where they

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

suffered physical and sexual abuse. According to the submission, the offender and his sister did not feel a part of the victim's family and took turns running away. Mr. McIntyre said the offender was moved to a different reservation which resulted in the offender being bullied by others. He said this led to the offender turning to drugs and alcohol.

On the night of the crime, Mr. McIntyre said the offender was told false information that his sister was killed and it was the fault of the White's (victims). He said the offender was drunk and his co-defendant, Guy Herman was the instigator of the offense. He said prior to his hearing, psychological evaluations were conducted and the offender showed no remorse for his actions, thus he was tried as an adult.

As it relates to his incident report he incurred in for Possessing Drugs in February 2020 (prior to his last hearing), Mr. McIntyre said it did not make sense. He said the offender has "owned up" to his previous incident reports, so it stands that he would own up to possessing drugs if he in fact had been culpable.

Mr. McIntyre said the offender was recently given a psychological evaluation by Dr. Kele Kirschenbaum, who concluded the offender is genuine in his remorse and has reflected on his bad choices. According to the submission provided by Mr. McIntyre at the hearing, Dr. Kirshenbaum stated the offender's positive developments in nonviolence, sobriety, and respect for institutional rules are driven by his deep remorse and wish to prevent future harm. Mr. McIntyre said the offender used to hang out with the wrong people in prison, but said his prison record reflects time-periods where his disruption tapered off, which indicates he has changed. He said Dr. Kirschenbaum concluded the offender is a low risk for recidivism. He said the offender has the support of his sister and is in a spiritual place now.

**Summary of Prisoner's statements** (include responses to incident reports in this section unless it is a rescission hearing. If rescission hearing, use the following section): When given the opportunity to make any comments regarding his offense conduct, the offender stated he used to hang around the wrong people while in prison, which resulted in him getting incident reports. He said he now hangs around positive people. Regarding his offense, he said he accepts responsibility for what he has done and expressed remorse for his incident reports and the crime.

The offender wanted to talk about a program called Alternatives to Violence that he completed in 2018, which was prior to his last hearing. He said the program taught him how to treat others well and wants a chance to show he will do the right things if released. He said he has been through a lot as a child and wrote a letter to Mr. White (victim) before Mr. White passed away, wherein he expressed his remorse. He said Mr. White had forgiven him. The offender then made numerous comments about how Mr. White taught him a lot of good things and was there for him, then also made negative remarks about the way Mr. White had treated him.

As it relates to his incident report in February 2020 for Possessing Drugs, the offender said the drugs were not his. It was noted the drugs were concealed in a makeshift pocket inside the pants he was wearing. The offender said he would never destroy institutional property by altering his pants and that he had demanded the packaging be tested for fingerprints. He said the investigator told him too many people had touched the evidence and could not be fingerprinted. When asked how pants that are maintained in his possession could possibly have drugs concealed inside them

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

without his knowledge, not to mention the amount of money such drugs go for in prison, why someone else would put them in his pants, he had no answer. When asked, he said no other inmates had asked him about the drugs and he had no idea who they could have belonged to. The offender was advised by this Examiner that his excuse was highly unbelievable and the DHO's findings would be relied upon. When asked about his crime, the offender acknowledged he was under the influence of drugs and alcohol at the time he committed the offense for which he's incarcerated.

In closing, the offender said he has a goal to show others in the community that he has learned from his mistakes. He said he is not a child anymore and understands how the victims of his crime must feel about him. Note: there was no victim participation at the hearing, though victim(s) are registered for notification.

**Summary of Prisoner's program achievement:** Since the offender's last hearing on 4/22/2020, he completed the following programs: Planning Adulting, Reading at Work, Math at Work, Tournament Management, and six Anatomy courses (Phases 1-6).

The offender is currently assigned to the Recreation Orderly detail where he is noted to receive satisfactory work evaluations. The offender stated he has $8,134 saved in his Commissary account for release purposes.

**Description of prisoner's release plan:** The offender stated he will reside in Spokane, WA, and would be accepted into a program for returning offenders called Adult and Teen Challenge Center. He said he found the program through his attorney and is a transitional housing program. He said it's a 1-year program with 24-hour supervision where he would receive counseling for chemical dependence. He said they would also help him get a job that would offset the cost of his programming at the center. He said he would also like to do volunteer work.

**Guidelines:** Agree with the guideline calculation in the pre-hearing assessment.

**Explanation of the modification of the overall guideline made at the Hearing (if applicable):**

**Authorized Actions at the Hearing:**
If the Commission finds that there should be no change in previous decision to deny two-thirds parole, it shall order no change in the previous decision to deny parole pursuant to 18 U.S.C. §4206(d) and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

If the Commission finds that the previous reasons to deny two-thirds release no longer apply, it shall reopen and advance the previous decision to continue to expiration and order parole effective within 9 months of the hearing date. The parole is granted per 18 U.S.C. §4206(d).

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

**Hearing Examiner's Evaluation of the Case:** The offender is 51 years of age and before the Commission for his 3rd Statutory Interim Hearing Following Denial of Two-Thirds.

The offender has a significant disciplinary record that includes many drug/alcohol related incident reports. The offender was found guilty by the DHO for possession of Suboxone approximately only 2 ½ years ago. The offender also acknowledged during the hearing that he was under the influence of drugs and alcohol at the time he committed this horrific offense. His disciplinary history also includes an incident for stabbing another inmate. The offender completed the 500-Hour Non-Residential Drug Treatment program on 7/23/2014; however, based on his disciplinary record, it did not help him change his thinking. In fact, three days after his completion of the program, he was found guilty of Use of Alcohol. And as noted previously, he incurred an incident report for Possessing Drugs only two months prior to his last hearing. Instead of owning up to his most recent incident report, he chose not to accept responsibility and gave an unbelievable argument in his denial.

Since the offender's last hearing, he has completed a moderate amount of programming and to his credit, has maintained clear conduct. However, there has been no significant change in the offender's status since his last hearing. He has a significant disciplinary history for drug/alcohol infractions, with the most recent being only approximately less than 2 ½ years ago. The offender has seriously and frequently violated the rules of the institution. What's more, he was under the influence of drugs and alcohol at the time he committed his offense, which is very concerning, given the severity of his offense conduct.

**Hearing Examiner's Recommendation:**

A. Re: Release:

No change in previous decision to deny two thirds parole and continue to expiration. You will be scheduled for a statutory interim hearing in June 2024. At that time, you will again be considered for release pursuant to 18 U.S.C. §4206(d).

Reasons:
The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed three months prior to your last hearing, and involved you being found in possession of an Opioid Narcotic drug. The Commission continues to find this evidence of frequent and serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time.

B. Re: Special Conditions:

None.

---

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

**Guideline Departures:** There is no guideline for this hearing type.

**Superior Program Achievement:**

**Statutory Interim Hearing Date:** You will be scheduled for a Statutory Interim Hearing in June 2024.