# Exhibit 21

| U.S. Department of Justice<br>United States Parole Commission<br>90 K Street, N.E., 3rd Floor<br>Washington, D.C. 20530 | Notice of Action |
|---|---|
| Name: FRIEDLANDER, John | Institution: Tucson FCI |
| Register Number: 05167-085 | Date: June 11, 2018 |

As a result of the hearing conducted on May 21, 2018, the following action was ordered:

Deny mandatory parole. Continue to Expiration.

**REASONS**:

The Commission's previous reasons are still appropriate in that you have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately four years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison.

**You have also been scheduled for a statutory interim hearing during May 2020. At that time, your case will be reviewed again pursuant to 18 U.S.C. §4206(d).**

The above is an Original Jurisdiction decision and is appealable to the Commission under 28 C.F.R. §2.27.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:   Designation & Sentence Computation Ctr
      U.S. Armed Forces Reserve Complex
      Grand Prairie Office Complex
      346 Marine Forces Drive
      Grand Prairie, TX  75051

Exhibit 21 - Page 1

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>90 K Street, N.E., 3rd Floor<br>Washington, D.C. 20530 | Notice of Action |

| | |
|---|---|
| Name: FRIEDLANDER, John | Institution: Tucson FCI |
| Register Number: 05167-085 | Date: June 11, 2018 |

As a result of the hearing conducted on May 21, 2018, the following action was ordered:

No change in deny mandatory parole. Continue to expiration.

**REASONS**:

The Commission's previous reasons are still appropriate in that you have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately four years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison.

**You have also been scheduled for a statutory interim hearing during May 2020. At that time, your case will be reviewed again pursuant to 18 U.S.C. §4206(d).**

The above is an Original Jurisdiction decision and is appealable to the Commission under 28 C.F.R. §2.27.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:	Designation & Sentence Computation Ctr
	U.S. Armed Forces Reserve Complex
	Grand Prairie Office Complex
	346 Marine Forces Drive
	Grand Prairie, TX  75051

Exhibit 21 - Page 2

# SIH Following Denial of Mandatory Parole
# Prehearing and Summary

**Part One: Prehearing Assessment**

**Offense of Conviction:** Second Degree Murder, Assault with Intent to Commit Murder

| | |
|---|---|
| **Name:** Friedlander, John | **BOP Institution:** Tucson FCI |
| **Reg. No:** 05167-085 | **Full Term Date:** LIFE |
| **Assessment Date:** 5/4/2018 | **Two-Thirds Date:** 2/17/2017 |
| **MR Date (if release at 2/3 not granted):** N/A | **Sentence Length:** LIFE |
| **Months in Custody:** 376 as of 6/14/2018 | **Reviewer:** Sarah Asbury-Baca |

**NOTE: This case has been designated Original Jurisdiction.**

**I.   Codefendants:**
The following information is the last known information regarding the subject's codefendants:
1. Guy Herman: Convicted as a juvenile through the Stevens County, WA juvenile justice system for First Degree Murder, First Degree Assault by Compliance and Burglary. He was sentenced to 291 - 364 weeks (approximately 7 years) which would have taken him to the age of majority when released. He served his sentence at the Echo Glen Juvenile Facility in Snoqualmie, WA.
2. Wendy Herman: Charged with Taking a Motor Vehicle and processed through the Okanogan Juvenile Authorities. She was sentenced to 18 months to be served at Echo Glen Juvenile Facility.
3. John Tsoodle: No sentencing information available.

**II.   Victim information:**
There is a letter from a concerned citizen on side three of the file opposing the subject's release which was received in advance of the Initial Hearing in 1996. More importantly, there is a letter from the victims' biological daughter dated 10/24/1996, wherein she expresses her opposition to parole and indicates her fear for herself and family if the subject is released. Her letter also provides some insight into the devastation the shooting has caused her father, Clarence White. There is also several other letters in opposition to parole (most recent dated 4/18/2016) and several signed petitions with signatures of numerous persons opposed to parole.

A memo in the file from Victim Witness Coordinator Amanda Pyron dated 2/14/2012 indicates she attempted to contact victim Dawn Fleet but the telephone number in the file was not in service and a search to obtain new information provided no results. This case will gain be referred to the Commission's Victim Witness Unit for further update as deemed necessary.

**III.   Summary of the confining offense(s) and prior decisions of the Commission:**
On 3/11/1988, the subject appeared the U.S. District Court for the Eastern District of Washington and was convicted of Second Degree Murder and Assault With Intent to Commit Murder. He was sentenced to LIFE in prison with an additional sentence of 20 years, to run concurrent.

The details of the offense indicate that on 2/14/1987, the 16-year-old subject, shot and murdered his adoptive mother, Gloria White, and shot and attempted to murder his adoptive father, Clarence White. A subsequent investigation revealed that on 2/13/1987, while driving a stolen car and upon realizing the vehicle was about to run out of gas, the subject and codefendants Guy Herman, Wendy Herman and John Tsoodle went to the home of the

Exhibit 21 - Page 3

subject's adoptive parents. The subject and Guy Herman got out while the others remained in the vehicle. The two entered the White residence through a glass slider door and once inside, they went to the bedroom of Clarence White who was asleep. There they took a .22 caliber pistol from the bedroom and two kitchen knives. They left the residence, got back in the stolen car and drove to a party.

All four of the above named individuals returned to the White residence in the early morning hours of 2/14/1987. Prior to returning, however, the subject and Guy Herman had discussed returning to the residence to take money and to kill the Whites. Guy Herman carried the loaded .22 into the residence but the subject then took the gun from him once Herman admitted he could not shoot anyone. The two then went to Clarence White's bedroom and the subject shot Clarence White in the face while he lay sleeping on his back. Both the subject and Guy Herman then went to the other end of the house to Gloria White's room and the subject shot her in the face. They took her purse from her bedroom to the kitchen and from the purse they took her keys to a Chevrolet vehicle and $60 to $70.

They then went back to Clarence White's room and discovered he was still alive, at which time the subject fired one, possibly two rounds into Clarence White, hitting him in the abdomen area. The two then went through the room and Guy Herman took a .357 Magnum pistol. The phone rang causing the two to leave the residence. The subject drove off in the vehicle where Wendy Herman and John Tsoodle had been waiting for him. Guy Herman attempted to take the White's pickup but could not get it started, so he ended up running from the residence.

Initial Hearing
On 11/5/1996, the Commission conducted an Initial Hearing. The offense severity was Category Eight because it involved murder. The subject's SFS was 6 and his base guidelines were 120+ months. The Commission added rescission guidelines of 8-18 months for an Attempted Escape and one non-drug related administrative infraction, for an aggregate guideline range of 128+ months. The decision more than 48 months above the minimum guideline range was warranted because the subject was involved in the murder or attempted murder of two individual who were in the house asleep at the time of the shooting. In a Notice of Action dated 11/26/1996, the Commission ordered a 15-Year Reconsideration Hearing.

Interim Hearings
On 10/16/2000, the Commission conducted a Combine Statutory Interim Hearing (SIH)/Rescission hearing. In a Notice of Action dated 11/6/2000, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration Hearing in November 2011. Additionally, the Commission added rescission guidelines of 64-150 months, which included a Category Seven Assault, seven drug related infractions, and one non-drug related infraction.

The Commission conducted subsequent SIHs On 8/13/2002, 7/21/2004, 6/8/2006, 5/6/2008, and 6/23/2010. In Notices of Action following each of these hearings, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration in November 2011. The Commission added rescission guidelines of 0-2 months following the July 2004 SIH. The examiner identified additional rescission conduct at the June 2010 SIH but opted not to add rescission guidelines due to the fact that the next hearing would be the 15-year reconsideration hearing and all guidelines would be calculated again.

15-Year Reconsideration Hearing
On 1/31/2012, a 15-Year Reconsideration hearing was held. In a Notice of Action dated 2/24/2012, the Commission ordered to continue to expiration. The offense severity continued to be Category Eight and the aggregate guideline range was 222+ months.

Exhibit 21 - Page 4

Friedlander 05167-085 Page 2 of 8

On 6/11/2014, the Commission conducted an additional SIH. In a Notice of Action dated 7/7/2014, the Commission ordered no change in previous decision to continue to expiration. The subject was scheduled for a SIH in June 2016.

Mandatory Parole Hearing
On 6/7/2016, the Commission conducted a Mandatory Parole Hearing. In a Notice of Action dated 8/23/2016, the Commission ordered to deny mandatory parole and continue to expiration. The reasons given were as follows:
> "You have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately two years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison."

On 2/20/2018, the subject applied for parole via form I-24. He indicated that he would be represented by Mrs. Shamens and requested disclosure of his institutional file.

**IV.    Summary of the prisoner's institutional conduct during this period of incarceration:**
A BOP Progress report dated 2/2/2018 was reviewed. The subject's current work detail is the FCI Landscape Crew. He has consistently received good work evaluations. The subject has worked throughout his time in prison but has had substantial gaps in employment on several occasions for over a year. The subject has completed Drug Education and Non-Residential Drug Treatment.

Throughout his confinement, the subject has completed over 2,400 hours of programming. That program includes the following: GED classes (427 hours), Welding (860 hours), Building Trades (385 hours), Typing (90 hours), ACE Education classes (666 hours), Parenting (24 hours), Nutrition (3 hours), SHU Education classes (24 hours), Geography (11 hours), and Drug Education.

Since his last hearing, the subject has completed an addition 66 hours worth of programming including the following courses: Alternatives to Violence, Communication Skills, Advanced Alternatives to Violence, Improve Self-Esteem, Basic Alternatives to Violence, Setting Goals, and Beginning Spanish. The subject did not complete the Challenge Program after beginning it in 2012. He was also discharged from the Code Program for unknown reasons in 2006.

The subject does not have any new disciplinary infractions since 2014. However, he incurred numerous disciplinary infractions throughout his time in prison and appeared to suffer from narcotics addiction. The subject's 19 DHO level infractions are outlined below.
1.    **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 1095459
      On 7/26/2014, inmate admitted being intoxicated and tested positive for alcohol via breathalyzer test.
      Sanction: DS 30 days, LP Comm 1 year, LP Phone 1 year

2.    **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 1874729
      On 5/14/2009, inmate admitted being intoxicated. The subject stated that use heroin to kill in order to kill pain that he felt from his stomach illness.

Exhibit 21 - Page 5

Friedlander 05167-085                                                                                         Page 3 of 8

<u>Sanction</u>: FF SGT 40 days, LP Comm 90 days, LP Visit 5 years

3. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 1813816
   On 12/17/2008, inmate tested positive for narcotics. The subject states that he sometimes takes unauthorized drugs in order to kill pain that he receives in his stomach.
   <u>Sanction</u>: FF SGT 40 days, LP Visit 5 years, LP Phone 1 year

4. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 1796862
   On 10/29/2008, inmate admitted using narcotics.
   <u>Sanction</u>: DS 30 days, FF SGT 40 days LP Visit 2 years

5. **Possessing Intoxicants (Code 222)** – Incident Report No. 1776188
   On 9/8/2008, inmate possessed intoxicants
   <u>Sanction</u>: DS 30 days, LP Comm 120 days

6. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 1765144
   On 8/4/2008, inmate was intoxicated and waived his appearance at the DHO Hearing.
   <u>Sanction</u>: DS 60 days, FF SGT 60 days, LP Visit 1 year

7. **Fighting With Another Person (Code 201)** – Incident Report No. 1696299
   On 7/26/2008, inmate admitted being intoxicated and tested positive for alcohol via breathalyzer test.
   <u>Sanction</u>: DS 15 days, FF SGT 30 days

8. **Possessing Intoxicants (Code 222)** – Incident Report No. 1543835
   On 12/10/2006, inmate possessed intoxicants. The subject fully admitted to abusing alcohol while confined. He indicated that he makes no excuses for his actions in light of all the programs he completed that have taught him how to address his risk of relapse when he is feeling bad about a situation. However, he indicated that he gave in to his addiction in lieu of applying those tools learned in those programs.
   <u>Sanction</u>: DS 14 days, FF SGT 27 days LP Comm 120 days

9. **Fighting With Another Person (Code 201)** – Incident Report No. 1095459
   On 4/4/2003, inmate was in a multi-inmate fight in G Unit at USP Marion. The subject's report indicating that the subject received a laceration to his lip and contusions to his hand. The subject wrote a letter on 4/6/03 that he was involved in the incident. The other inmate received injuries of a similar nature. The subject indicated that he had to defend for his life. He also pointed out that he had a cut lip, a bloody nose and a broken bone in his hand.
   <u>Sanction</u>: DS 21 days, LP Comm 1 year, LP Phone 1 year

10. **Refused Work Assignment (Code 306)** – Incident Report No. 915818
    On 9/31/2001, the subject refused to accept placement in general population.
    <u>Sanction</u>: DS 15 days

11. **Possessing Intoxicants, Possessing Unauthorized Item (Code 222 and 305)** –Report No. 795040
    On 7/4/2000, inmate possessed intoxicants. The subject fully admitted to abusing alcohol while confined. He indicated that he makes no excuses for his actions in light of all the programs he

Exhibit 21 - Page 6

completed that have taught him how to address his risk of relapse when he is feeling bad about a situation. However, he indicated that he gave in to his addiction in lieu of applying those tools learned in those programs.
<u>Sanction</u>: DS 14 days, FF SGT 27 days LP Comm 120 days

12. **Possessing Intoxicants (Code 222)** – Incident Report No. 1543835
    On 12/10/2006, inmate possessed intoxicants. Additional details unknown.
    <u>Sanction</u>: DS 45 days, FF SGT 27 days

13. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 668589
    On 3/19/1999, inmate admitted smoking heroin after testing positive for illegal drugs.
    <u>Sanction</u>: DS 60 days, FF SGT 60 days, LP Visit 1 year

14. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 658436
    On 2/5/1999, inmate admitted smoking heroin after testing positive for illegal drugs.
    <u>Sanction</u>: DS 30 days, FF SGT 30 days LP Visit 180 days

15. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 588075
    On 4/26/1998, inmate admitted smoking heroin after testing positive for illegal drugs.
    <u>Sanction</u>: DS 60 days, FF SGT 200 days

16. **Use of Drugs/Alcohol (Code 112)** – Incident Report No. 567167
    On 1/30/1998, inmate admitted smoking heroin after testing positive for illegal drugs.
    <u>Sanction</u>: DS 45 days, FF SGT 150 days LP 365 days

17. **Fighting With Another Person (Code 201)** – Incident Report No. 549761
    On 12/26/1997, inmate was in a fight, claimed it was horseplay only.
    <u>Sanction</u>: DS 21 days, FF SGT 15 days, change quarters

18. **Possessing Intoxicants (Code 222)** – Incident Report No. 514572
    On 8/18/1997, inmate positive for opiates/heroin.
    <u>Sanction</u>: DS 45 days, FF SGT 100 days

19. **Possessing Intoxicants (Code 222)** – Incident Report No. 485441
    On 3/11/1997, inmate positive for opiates/heroin.
    <u>Sanction</u>: DS 30 days, FF SGT 30days

**V.    Prisoner's release plan (as indicated in the most recent BOP progress report):**
Upon release, he plans to live with his father, George Friedlander, at 376 Gold Lake Road, Nespelem, Washington 99155. Mr. Friedlander can be reached at (509) 634-1890.

**VI.   Standard(s) for release at this hearing:**
Pursuant to 18 U.S.C. §4206(d), the prisoner must be released at the two-thirds date unless the Commission determines that the prisoner has frequently or seriously violated institution rules or regulations or that there is a reasonable probability that he will commit any Federal, State or local crime.

Exhibit 21 - Page 7

Friedlander 05167-085                                                                                       Page 5 of 8

At a Statutory Interim Hearing following denial of mandatory parole, the Commission need not conduct a *de novo* review of the entire case. Rather, the Commission must consider whether there have been significant development's or changes in a prisoner's status to warrant a change in the previous decision. The Commission may order either 1) no change in the previous decision to deny mandatory parole or 2) advance the decision to continue to expiration and grant mandatory parole effective ___.

**VII.   Prehearing Examiner's Evaluation:**
The subject is a 47-year-old man serving a LIFE sentence for a 1987 conviction of Second Degree Murder and Assault with Intent to Commit Murder. He committed the instant offense at age 16. The Commission's last decision was to deny parole and continue to expiration.

The subject has 19 DHO level infractions since beginning his confinement, the most recent of which occurred in 2014. The subject works for the landscape crew and receives good work evaluations. He has been in custody for 376 months as of 6/14/2018.

SAB
May 4, 2018


**Part Two: Hearing Summary**

**Date of Hearing:** 5/22/2018
**Location of Hearing:** FCI Tucson
**Hearing Examiner:** Oscar L. Vela

   I.   **Name of prisoner's representative and Information provided: (if prisoner waived representative, type "waived"):** BOP Landscape Supervisor Trisha Shannon. Rep. Shannon stated the subject applies his faith in all aspects of his life and tries hard to better himself. Rep. Shannon stated she has seen the change in the subject. He does whatever is asked of him and follows the rules of the institution.

   II. **Victim Information considered by the Examiner:**

Though requested at the pre-hearing stage, the Examiner did not receive any additional information from any victim representative prior to or during the hearing.

   III. **Information provided by the Prisoner at the hearing:** A Summary of the instant offense was read and the subject was given the opportunity to make a statement. He stated he is remorseful and will do whatever he can to make amends to the victim's family and to his community. He spends everyday trying to better himself and look for the good in others. He stated he is a changed person. His emotions were mixed as a child and he didn't understand being spanked was not abuse. He was drunk the night the offense happened and he does not remember much.

Exhibit 21 - Page 8

Friedlander 05167-085

Page 6 of 8

The subject stated he is a changed man. He wants to help build his community and teach others what he has learned in the alternatives to violence classes, especially the youth. He wants to give his knowledge to others so they don't go down his same path.

**Work:** The subject works as landscape staff. Rep. Shannon stated the subject is considered a leader and does great work.

**Discipline:** The subject has 19 DHO level infractions (see above). His last DHO was in July, 2014.

**Programming:** The subject has completed the non-res drug program; resolving conflicts, alternatives to violence, communication skills and numerous other programs. He stated he has almost completed the alternatives to violence facilitator class. The subject said he looks forward to teaching the class.

IV. **Information provided by hearing participants other than those listed above (e.g. prisoner's case manager):** CM Frisbee stated the subject is very respectful, takes direction very well and has applied himself regarding programming. CM Frisbee stated the subject is doing well, maintains good behavior and she has not heard anything negative from staff or inmates.

V. **Release plan presented at the hearing:** He will live with his uncle, Wesley Friedlander at 376 Gold Lake Road, Nespelem, WA 99155

VI. **Options of the Commission at this hearing:**
If the Commission finds that the prisoner should be released pursuant to 18 U.S.C. §4206(d), it shall order mandatory parole at the two-thirds date or, if the two-thirds date has already passed, grant mandatory parole effective on a specific date as soon as is practicable.

If the Commission finds that the prisoner should be denied release under 18 U.S.C. §4206(d), it shall order to deny mandatory parole and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

VII. **Hearing Examiner's Evaluation of the case:** The subject is a 47 year old male appearing before the Commission for an SIH followed Mandatory Parole denial. While he has incurred 19 DHO infractions, he has been incident free since 2014 and has programmed extremely well. This Examiner finds the subject's testimony to be genuine and his remorse truthful. The instant offense occurred when the subject was 16 years old. He has been in custody for 376 months (31 years, 4 months). His past discipline will never change. What has changed is his attitude and behavior. The combination of compliant behavior and programming over the past 4 years causes this Examiner to believe that parole at this time is appropriate as his risk is as low as it may ever be and there is not a reasonable probability that he will commit future crimes.

Exhibit 21 - Page 9

**VIII.  Hearing Examiner's Recommendation:**

Mandatory Parole effective 2/17/2019.

**IX.  Reasons to deny release (if recommending release, type N/A):** N/A

**X.  Special Conditions (if recommending denial, type N/A):** Drug/Alcohol Treatment

**XI.  Examiner signature block:**

*/s/ Oscar L. Vela*

Oscar L. Vela, Hearing Examiner

**XII.  Additional comments by the Executive Reviewer:** Examiner Pacholski, dated 6/5/18; I disagree with the Hearing Examiner's recommendation and believe the reasons identified by the Commission at the last hearing are still appropriate. Our subject still is a risk and even though two years have passed there still is a likelihood that the subject would not obey the law.

**Hearing Examiner's Recommendation:** Deny mandatory parole. Continue to Expiration. You will be scheduled for a Statutory Interim Hearing during 6/2018 and, at that time, will again be reviewed for release pursuant to 18 U.S.C. §4206(d).

**Reasons to deny release (if recommending release, type N/A):** The Commission's previous reasons are still appropriate in that you have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately four years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison.

**Special Conditions (if recommending denial, type N/A):** N/A

Exhibit 21 - Page 10

Friedlander 05167-085

Page 8 of 8