# Exhibit 22

U.S. Department of Justice  **Notice of Action**
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

---

Name: FRIEDLANDER, JOHN          Institution: Lompoc USP

Register Number: 05167-085       Date: May 20, 2020

---

As a result of the hearing conducted on April 22, 2020, the following action was ordered:

No change in previous decision to deny mandatory parole. Continue to expiration.

The Parole Commission has decided to continue you to the expiration of your sentence. If the two-thirds date of your sentence (30 years in the case of a sentence of 45 years or more) precedes the mandatory release date calculated by the Bureau of Prisons, the Commission will conduct a record review of your case approximately 9 months prior to the two-thirds date. If a parole is not ordered as a result of the record review, the Commission will conduct a hearing for you. The purpose of the review or hearing is to determine whether there is a reasonable probability that you will commit any Federal, State, or local crime, or whether you have frequently or seriously violated the rules of the institution. See 28 C.F.R. § 2.53(a). If parole is denied, you will be continued until the expiration of your sentence less good time.

The Bureau of Prisons is requested to forward a copy of the prisoner's progress report approximately 9 months prior to the scheduled two-thirds date.

**REASONS:**

The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed since your last hearing and within three months of this hearing, and involved you being found in possession of an Opioid Narcotic drug. The Commission continues to find this evidence of frequent, serious, and now recent serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time.

You will be scheduled for a statutory interim hearing in April 2022. At that time, you will again be considered for release pursuant to 18 U.S.C. §4206(d).

THE ABOVE IS AN ORIGINAL JURISDICTION DECISION AND IS APPEALABLE TO THE COMMISSION UNDER 28 C.F.R. §2.27.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

---

FRIEDLANDER, JOHN Reg. No. 05167-085 DCDC No.
Page 1 of 2                                    Exhibit 22 - Page 1

U.S. Department of Justice  
United States Parole Commission  
90 K Street, N.E., 3rd Floor  
Washington, D.C. 20530

**Notice of Action**

cc:  
U.S. Probation Officer  
Eastern District of Washington  
P.O. Box 306  
Spokane, WA 99210-0306

Alpha Team  
Designation & Sentence Computation Ctr  
U.S. Armed Forces Reserve Complex  
Grand Prairie Office Complex  
346 Marine Forces Drive  
Grand Prairie, TX 75051

CMC  
Lompoc USP  
3901 Klein Blvd.  
Lompoc, CA 93436

mdr

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

| | |
|---|---|
| Offender Name...................................: | FRIEDLANDER, JOHN |
| Register Number................................: | 05167-085 |
| Institution..........................................: | Lompoc USP |
| Type of Hearing.................................: | Mandatory Parole Hearing |
| Hearing Format..................................: | In-Person |
| Date of Pre-hearing Assessment...........: | April 20, 2020 |
| Name of Pre-hearing Examiner............: | Kubic, Scott |
| Offense(s) of Conviction.....................: | Second Degree Murder and Assault With Intent to Commit Murder. |
| Length of Sentence(s).........................: | LIFE with an additional 20 years, concurrent. |
| Full Term Date...................................: | Life |
| Mandatory Release Date......................: | |
| Two-Thirds Date (if applicable)...........: | February 12, 2017 |
| Months-in-custody..............................: | 398 months as of 4/14/2020 |
| Fines/Restitution/Court Assessment....: | $100 assessment; expired, per most recent progress report. |
| Detainer.............................................: | none |

**Additional Text re: Sentence Information:** This case remains designated Original Jurisdiction.

**Prior Action:** Portions of the following were taken from a prehearing assessment dated 5/4/2018, and updated.

On 3/11/1988, the subject appeared the U.S. District Court for the Eastern District of Washington and was convicted of Second Degree Murder and Assault With Intent to Commit Murder. He was sentenced to 5/4LIFE in prison with an additional sentence of 20 years, to run concurrent.

The details of the offense indicate that on 2/14/1987, the 16-year-old subject, shot and murdered his adoptive mother, Gloria White, and shot and attempted to murder his adoptive father, Clarence White. A subsequent investigation revealed that on 2/13/1987, while driving a stolen car and upon realizing the vehicle was about to run out of gas, the subject and codefendants Guy Herman, Wendy Herman and John Tsoodle went to the home of the subject's adoptive parents. The subject and Guy Herman got out while the others remained in the vehicle. The two entered the White residence through a glass slider door and once inside, they went to the bedroom of Clarence White who was asleep. There they took a .22 caliber pistol from the bedroom and two kitchen knives. They left the residence, got back in the stolen car and drove to a party.

All four of the above named individuals returned to the White residence in the early morning hours of 2/14/1987. Prior to returning, however, the subject and Guy Herman had discussed returning to the residence to take money and to kill the Whites. Guy Herman carried the loaded .22 into the residence but the subject then took the gun from him once Herman admitted he could not shoot anyone. The two then went to Clarence White's bedroom and the subject shot Clarence

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

White in the face while he lay sleeping on his back. Both the subject and Guy Herman then went to the other end of the house to Gloria White's room and the subject shot her in the face. They took her purse from her bedroom to the kitchen and from the purse they took her keys to a Chevrolet vehicle and $60 to $70.

They then went back to Clarence White's room and discovered he was still alive, at which time the subject fired one, possibly two rounds into Clarence White, hitting him in the abdomen area. The two then went through the room and Guy Herman took a .357 Magnum pistol. The phone rang causing the two to leave the residence. The subject drove off in the vehicle where Wendy Herman and John Tsoodle had been waiting for him. Guy Herman attempted to take the White's pickup but could not get it started, so he ended up running from the residence.

Initial Hearing
On 11/5/1996, the Commission conducted an Initial Hearing. The offense severity was Category Eight because it involved murder. The subject's SFS was 6 and his base guidelines were 120+ months. The Commission added rescission guidelines of 8-18 months for an Attempted Escape and one non-drug related administrative infraction, for an aggregate guideline range of 128+ months. The decision more than 48 months above the minimum guideline range was warranted because the subject was involved in the murder or attempted murder of two individual who were in the house asleep at the time of the shooting. In a Notice of Action dated 11/26/1996, the Commission ordered a 15-Year Reconsideration Hearing.

Interim Hearings
On 10/16/2000, the Commission conducted a Combine Statutory Interim Hearing (SIH)/Rescission hearing. In a Notice of Action dated 11/6/2000, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration Hearing in November 2011. Additionally, the Commission added rescission guidelines of 64-150 months, which included a Category Seven Assault, seven drug related infractions, and one non-drug related infraction.

The Commission conducted subsequent SIHs On 8/13/2002, 7/21/2004, 6/8/2006, 5/6/2008, and 6/23/2010. In Notices of Action following each of these hearings, the Commission ordered no change in the previous decision to continue to a 15-Year Reconsideration in November 2011. The Commission added rescission guidelines of 0-2 months following the July 2004 SIH. The examiner identified additional rescission conduct at the June 2010 SIH but opted not to add rescission guidelines due to the fact that the next hearing would be the 15-year reconsideration hearing and all guidelines would be calculated again.

15-Year Reconsideration Hearing
On 1/31/2012, a 15-Year Reconsideration hearing was held. In a Notice of Action dated 2/24/2012, the Commission ordered to continue to expiration. The offense severity continued to be Category Eight and the aggregate guideline range was 222+ months.

On 6/11/2014, the Commission conducted an additional SIH. In a Notice of Action dated 7/7/2014, the Commission ordered no change in previous decision to continue to expiration. The subject was scheduled for a SIH in June 2016.

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

Mandatory Parole Hearing
On 6/7/2016, the Commission conducted a Mandatory Parole Hearing. In a Notice of Action dated 8/23/2016, the Commission ordered to deny mandatory parole and continue to expiration. The reasons given were as follows:

"You have frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions primarily for 100 and 200 level misconduct. Further, the most recent infraction was approximately two years ago for consuming alcohol and being intoxicated. This type of behavior indicates a lack of maturity on your part and highlights your inability to follow the rules of the institution. This is a further indication that there is a high probability that you will not follow the laws upon release from prison."

The Commission conducted a Statutory Interim Hearing following denial of 2/3 parole on 5/21/2018 and, by Notice of Action dated 6/11/2018, ordered no change in the previous decision to deny 2/3 parole and continue to expiration. The Commission found the previous reasons to deny 2/3 parole were still appropriate in that the subject had frequently and seriously violated the rules of the institution by amassing 19 DHO level infractions, primarily for 100 and 200 level misconduct. It was noted the most recent infraction (at the time of the of Statutory Interim Hearing following denial of 2/3 parole) had occurred four years earlier and involved consuming alcohol and being intoxicated. The Commission found it still demonstrated a lack of maturity and still highlighted his inability to follow the rules of the institution.

The subject completed a parole application on 2/3/2020, wherein he indicated no representative and a request to inspect his institutional file. It is unclear if he has been granted an opportunity to review his institutional file.

**Co-defendants:** The following information is the last known information regarding the subject's codefendants:
1. Guy Herman: Convicted as a juvenile through the Stevens County, WA juvenile justice system for First Degree Murder, First Degree Assault by Compliance and Burglary. He was sentenced to 291 - 364 weeks (approximately 7 years) which would have taken him to the age of majority when released. He served his sentence at the Echo Glen Juvenile Facility in Snoqualmie, WA.
2. Wendy Herman: Charged with Taking a Motor Vehicle and processed through the Okanogan Juvenile Authorities. She was sentenced to 18 months to be served at Echo Glen Juvenile Facility.
3. John Tsoodle: No sentencing information available.


**Victim Information:** The case involves a crime of violence and victim notification is required. There are victims registered with the BOP.

Also, there is a letter from a concerned citizen on side three of the file opposing the subject's release which was received in advance of the Initial Hearing in 1996. More importantly, there is a letter from the victims' biological daughter dated 10/24/1996, wherein she expresses her opposition to parole and indicates her fear for herself and family if the subject is released. Her letter also provides some insight into the devastation the shooting has caused her father, Clarence

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

White. There is also several other letters in opposition to parole (most recent dated 4/18/2016) and several signed petitions with signatures of numerous persons opposed to parole.

A memo in the file from Victim Witness Coordinator Amanda Pyron dated 2/14/2012 indicates she attempted to contact victim Dawn Fleet but the telephone number in the file was not in service and a search to obtain new information provided no results.

Letters were sent to victims Dawn Pullin (formerly Fleet) and Patricia Peone in April 2016. The Commission did receive a letter dated 4/18/2016 from Patricia Peoone (who's husband was a friend of Mr. and Mrs. White). She describes the subject a troubled child who never seemed able to accept responsibility for his actions. She described the scene of the crime as so horrific that the EMT riding with the ambulance driver quit her job. She also describes the devastating impact of the crime on the family.

Most recently, the Commission sent another letter to Dawn Pullin, but there is no indication a response was ever received.

This examiner has advised the Commission's VWS of the upcoming hearing for victim notification purposes.

**Guidelines:**
**Summary of the prisoner's institutional misconduct during this period of incarceration (include a list of all incident reports that have occurred during the current period of confinement that resulted in findings of guilt by a Disciplinary Hearing Officer and/or any new criminal conduct that has occured):**

> Infraction Number: 1
> BOP/DOC Incident Report Number: 3365326
> Date of Incident Report: February 13, 2020
> Date of DHO/Adjustment Board hearing: February 13, 2020
> Description of Behavior: Possessing Drugs (113) - the subject denied the conduct but was found guilty by the DHO of possessing narcotics. Specifically, Buprenorphine, an opioid used to treat opioid use disorder. He was sanctioned to 60 days DS; 90 days (each) loss of commissary and phone; and 1 year (each) loss of visiting and visitors.

**Options of the Commission at this hearing:**

> If the Commission finds that the prisoner should be released pursuant to 18 U.S.C. 4206(d), it shall order mandatory parole at the two-thirds date or, if the two-thirds date has already passed, grant mandatory parole effective on a specific date as soon as is practicable.
>
> If the Commission finds that the prisoner should be denied release under 18 U.S.C. 4206(d), it shall order to deny mandatory parole and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

**Summary of Prisoner's Program Achievement:** Since the last hearing on 5/21/2018, the subject completed 22 hours of educational programming, including Resolving Conflict, Alternatives to Violence Facilitator, and Introduction to Education Opportunity.

**Release Plans:** The subject intends to reside with his Uncle, Wesley Friedlander, in Nespelem, WA.

**Other Risk Relevant Factors to Consider:** As indicated above, the Commission initially denied 2/3 parole in 2016 based on frequent and serious violations of the rules of the institution, including 19 DHO level infractions mainly for 100 and 200 level misconduct. The Commission noted, specifically, the last infraction had occurred 2 years earlier (July 2014) and involved use of intoxicants, which was found to demonstrate the subject lacked maturity, an inability to follow institutional rules, and was found to create a probability he would not obey the law if released.

At the subsequent follow-up Statutory Interim Hearing following denial of 2/3 parole in 2016, the Commission continued to find the same reasons were still applicable (i.e., serious and frequent violations of the rules of the institution (19 DHO level infractions with the most recent for using intoxicants now 4 years earlier)).

Since the last hearing and more specifically, within 2 month of the date of this hearing, the subject was found in possession of narcotics (Buprenorphine, an opioid used to treat opioid use disorder). This now brings the total of DHO level infractions up to 20 and would appear to presumptively support a conclusion there remains a reasonable probability the subject would commit a Federal, State, or local crime if released on the basis of recent, frequent, and serious violations of the rules of the institution.

**Pre-Hearing Examiner's Evaluation:** The subject is 49 and he has been in custody 398 months as of 4/14/2020. The current decision is to deny 2/3 parole and continue to expiration. This is the second Statutory Interim Hearing following denial of 2/3 parole.

As indicated above, on 2/13/2020 (approximately 2 months from the date of this hearing), the subject was once again found in possession of narcotics (Buprenorphine).

## HEARING SUMMARY

| | |
|---|---|
| **Date of Hearing** | April 22, 2020 |
| **Name of Hearing Examiner** | Kubic, Scott |
| **Location of Hearing** | Lompoc USP, 3901 Klein Blvd. Lompoc, CA 93436 |
| **Hearing Format** | In-Person |
| **Hearing Type** | Mandatory Parole Hearing |

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

**Modification(s) to sentence information from pre-hearing assessment:**
None

**Victim information considered:**
The Examiner received following additional information from victim(s) or victim representative(s) prior to or during the hearing.


**Representative:** The prisoner went forward without a representative.

**Summary of Representative's Statement:**

**Summary of Prisoner's statements** (include responses to incident reports in this section unless it is a rescission hearing. If rescission hearing, use the following section): The subject admits to his base offense and states he has remorse for what he did. He said there is not a day that goes by that he doesn't feel sorry what he did. He said he has always wanted to show that he has changed. He understands it is not likely to get forgiveness. He said he wrote a letter to his adoptive father before he took his life. He said it meant a lot to him that he was able to apologize to his adoptive father (surviving victim) before he died. He claims his adoptive father changed his will to include him (our subject) but, after his death, other family fought it in probate court. He said he is really sorry for what he did.

We discussed the disciplinary infraction committed since the last hearing (which doesn't carry any rescission guidelines as this is a Statutory Interim Hearing following denial of 2/3 parole). Specifically, on 2/13/2020, the subject was found in possession of Buprenorphine, an opioid used to treat opioid disorder. The subject denied the conduct before the DHO and he continued to deny the conduct at this hearing, stating he would never risk his chance of freedom due to drug use/possession. He was told they found the drugs concealed in his pants, but he claims to have no knowledge of that or how it got there. He said it's "not in his character."

This examiner asked him how possessing a narcotic would be considered "not in his character" considering the fact that at the time of his original 2/3 parole hearing in 2016, the Commission concluded he had committed (at that time) 19 DHO level infractions, most of which involved either alcohol use/possession and/or drug use/possession. He acknowledged his history of similar infractions, but just continued to maintain his innocence on this last one in 2020.

In closing, the subject stated he had another Native American friend who had three counts of Murder II and received a 40 year sentence under the new law. He said his friend asked him why his sentence is so much longer, to which, our subject stated he didn't know. Despite this, the subject said, even if not released, he is still thankful he was able to reach out to his adoptive father prior to his death. He wants to help youth in the community to avoid the same path of drugs and alcohol, and instill in them that actions have consequences. He said he thinks about what he did every day and he can't change it. He said he is really sorry.

**Summary of Prisoner's program achievement:** Since the last hearing on 5/21/2018, the subject completed 22 hours of educational programming, including Resolving Conflict,

# NON-REVOCATION
## Pre-Hearing Assessment and Hearing Summary

Alternatives to Violence (in which he acted as a facilitator), and Introduction to Education Opportunity. In addition, not listed on the educational transcript, the subject stated he has been participating in Behavioral Therapy class through Psychology over the last few months.

**Description of prisoner's release plan:** The subject stated he inherited 1,400 of land from his biological mother and father in Nespelem, WA. His Uncle, Wesley Friedlander currently resides on the property. The subject stated his intent to put a house on the land upon his release.

The subject is 49 and claims no medical or mental health issues at this time. He intends to work upon his release, using skills he developed while in prison, including welding and carpentry.

**Guidelines:** Agree with the guideline calculation in the pre-hearing assessment.

**Explanation of the modification of the overall guideline made at the Hearing (if applicable):**

**Authorized Actions at the Hearing:**
If the Commission finds that the prisoner should be released pursuant to 18 U.S.C. §4206(d), it shall order mandatory parole at the two-thirds date or, if the two-thirds date has already passed, grant mandatory parole effective on a specific date as soon as is practicable.

If the Commission finds that the prisoner should be denied release under 18 U.S.C. §4206(d), it shall order to deny mandatory parole and continue to expiration. If the prisoner has more than 2 years remaining until his statutory/mandatory release date as indicated in the pre-hearing assessment, the prisoner shall be eligible for a Statutory Interim Hearing in 24 months and, at that time, shall be reviewed again for release under 18 U.S.C. 4206(d). If this prisoner has 2 years or less until his statutory/mandatory release date, the Commission shall order continue to expiration without any further consideration for release.

**Hearing Examiner's Evaluation of the Case:** The subject is 49 and he has been in custody 398 months as of 4/14/2020. The current decision is to deny 2/3 parole and continue to expiration. This is the second Statutory Interim Hearing following denial of 2/3 parole.

Regarding Victim Participation, the Commission's Victim Witness Specialist informed this examiner prior to this hearing that she heard from one of the victims, Patricia Peone, who asked the Commission to consider the letter she previously wrote in April 2016. The letter can be found on side three of the Commission's file and a brief summary of which is contained in Victim section of the prehearing assessment above.

The Commission initially denied 2/3 parole in 2016, after concluding the subject had both seriously and frequently violated the rules of the institution. At that time, the Commission noted 19 DHO level infractions mainly for 100 and 200 level misconduct. The Commission noted, specifically, the last infraction had occurred 2 years earlier (July 2014) and involved use of intoxicants, which was found to demonstrate the subject lacked maturity, an inability to follow institutional rules, and was found to create a probability he would not obey the law if released.

At the subsequent follow-up Statutory Interim Hearing following denial of 2/3 parole in 2016,

## NON-REVOCATION
### Pre-Hearing Assessment and Hearing Summary

the Commission continued to find the same reasons were still applicable (i.e., serious and frequent violations of the rules of the institution (19 DHO level infractions with the most recent for using intoxicants now 4 years earlier)).

Since the last hearing and more specifically, only about 2 months prior to this hearing, the subject was found in possession of narcotics (Buprenorphine, an opioid used to treat opioid use disorder). This now brings the total of DHO level infractions up to 20. This examiner finds the commission of another drug-related DHO level infraction since the last hearing is evidence there remains a reasonable probability the subject would commit a Federal, State or local crime if released at this time. As such, this examiner recommends no change in the previous decision to deny 2/3 parole and continue to expiration.

**Hearing Examiner's Recommendation:**
   A. Re: Release:

   No change in the previous decision to deny 2/3 parole and continue to expiration.

   Reasons: The Commission continues to find that you have frequently and seriously violated the rules of the institution, including 20 DHO level infractions for mainly 100 and 200 level misconduct. One of these serious violations of the rules of the institution was committed since your last hearing and within three months of this hearing, and involved you being found in possession of an Opioid Narcotic drug. The Commission continues to find this evidence of frequent, serious, and now recent serious violations demonstrates your lack of maturity and your inability to follow the institutional rules, and creates a reasonable probability you will commit any Federal, State, or local crime if released at this time.

   B. Re: Special Conditions:
   None.

**Guideline Departures:** There is no guideline for this hearing type.

**Superior Program Achievement:** Superior program achievement award does not apply to this type of hearing.

**Statutory Interim Hearing Date:** You will be scheduled for a statutory interim hearing in April 2022. At that time, you will again be considered for release pursuant to 18 U.S.C. §4206(d).

Hearing Examiner                                                                                                  Date